Law Offices
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, New York 10178
(212) 309-6000

*Attorneys for Defendants Jones Lang LaSalle Americas, Inc.,
Peter Riguardi, and Stephen Schlegel*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| YORON COHEN,<br><br>    **Plaintiff,**<br><br> v.<br><br>JONES LANG LASALLE IP, INC.,<br>PETER RIGUARDI,<br>and STEPHEN SCHLEGEL,<br><br>    **Defendants.** | CIVIL ACTION NO.  17-cv-03471 (DLC)<br><br>**ELECTRONICALLY FILED** |

**DEFENDANTS' ANSWER AND
DEFENSES TO PLAINTIFF'S COMPLAINT**

    Defendants Jones Lang LaSalle Americas, Inc. ( "JLL," incorrectly identified in the Complaint as "Jones Lang LaSalle IP, Inc."), Peter Riguardi ("Riguardi"), and Stephen Schlegel ("Schlegel") (together, "Defendants"), by and through their attorneys, Morgan, Lewis & Bockius LLP, hereby answer the Complaint filed by Plaintiff Yoron Cohen ("Plaintiff") in accordance with the numbered paragraphs thereof as follows:

**SUMMARY OF THE ACTION**

    1. Deny the allegations in Paragraph 1, except as follows: Defendants admit that Plaintiff was employed by JLL for approximately six years as a real estate broker.

    2. Defendants lack knowledge or information sufficient to admit or deny the allegation that the two unnamed brokers referenced in Paragraph 2 "are over or near the age

of 60." Defendants deny the remaining allegations in Paragraph 2, except as follows: Defendants admit that Plaintiff voluntarily resigned from JLL and, upon information and belief, has joined Colliers International Capital Markets ("Colliers"), and that Plaintiff left with two other former JLL brokers.

3.      Deny the allegations in Paragraph 3, except as follows: Defendants admit that Plaintiff purports to seek compensatory damages, punitive damages, and a permanent injunction in this action, and further deny that Plaintiff is entitled to any of the relief demanded in Paragraph 3 or to any other type of remedy, relief or damages in this action.

## FACTS RELEVANT TO ALL CAUSES OF ACTION

4.      Defendants lack knowledge or information sufficient to admit or deny the location of Plaintiff's residence or principal place of business.

5.      Deny the allegations in Paragraph 5, except as follows: Defendants admit that Jones Lang LaSalle IP, Inc. is a Delaware corporation that conducts business in Chicago, Illinois, and further deny that Jones Lang LaSalle IP, Inc. is a proper party in this action.

6.      Deny the allegations in Paragraph 6, except as follows; Defendants admit that Riguardi resides in New Jersey and that his principal place of business is New York, New York.

7.      Deny the allegations in Paragraph 7, except as follows: Defendants admit that Schlegel's principal place of business is New York, New York.

8. It is admitted that Defendants transact business in New York, but it is denied that Defendants committed tortious acts. The remaining allegations in Paragraph 8 constitute conclusions of law to which no response is required.

9. The allegations contained in the first and second sentences of Paragraph 9 constitute conclusions of law to which no response is required. Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 9.

10. The allegations in Paragraph 10 constitute conclusions of law to which no response is required.

11. Defendants admit that Plaintiff has worked as a real estate broker in New York and that Plaintiff has experience in the purchase, sale and financing of commercial properties in New York. Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 11.

12. Defendants deny the allegations in Paragraph 12 on the basis that the phrases "performing the same type of work" and "a number of major, valuable commercial buildings" are so vague and ambiguous as to be incapable of a response.

13. Deny the allegations in Paragraph 13, except as follows: Defendants lack knowledge or information sufficient to admit or deny the allegation concerning Plaintiff's age.

14. Deny the allegations in Paragraph 14.

15. Deny the allegations in Paragraph 15.

16. Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 16, except as follows: Defendants admit that, upon information and belief, Plaintiff, Richard Baxter, and Scott Latham voluntarily resigned from JLL to join Colliers, and that a fourth broker also voluntarily resigned from JLL.

17. Deny the allegations in Paragraph 17.

18. Deny the allegations in Paragraph 18, except as follows: Defendants admit that Riguardi spoke to a reporter from *The Real Deal*, but deny that Riguardi made any defamatory statements concerning Plaintiff. Defendants admit that *The Real Deal* is a publication that covers the New York real estate industry, but lack knowledge or information sufficient to admit or deny the allegation that *The Real Deal* "is widely read by those in the industry."

19. Deny the allegations in Paragraph 19, except as follows: Defendants admit that Plaintiff purports to characterize a written document, the content of which speaks for itself.

20. Deny the allegations in Paragraph 20.

21. Deny the allegations in Paragraph 21, except as follows: Defendants admit that Plaintiff purports to characterize a written document, the content of which speaks for itself.

22. Deny the allegations in Paragraph 22.

## **FIRST CAUSE OF ACTION**

(Slander)

23.     Defendants incorporate by reference their responses to the previous paragraphs of the Complaint as if fully set forth herein.

24.     Deny the allegations in Paragraph 24.

25.     Deny the allegations in Paragraph 25.

26.     Deny the allegations in Paragraph 26.

27.     Deny the allegations in Paragraph 27.

28.     Deny the allegations in Paragraph 28.

## **SECOND CAUSE OF ACTION**

(Age Discrimination Under Federal Law)

29.     Defendants incorporate by reference their responses to the previous paragraphs of the Complaint as if fully set forth herein.

30.     Deny the allegations in Paragraph 30.

31.     Deny the allegations in Paragraph 31.

## **THIRD CAUSE OF ACTION**

(Age Discrimination Under New York State Human Rights Law)

32. Defendants incorporate by reference their responses to the previous paragraphs of the Complaint as if fully set forth herein.

33. Deny the allegations in Paragraph 33.

34. Deny the allegations in Paragraph 34.

35. Deny the allegations in Paragraph 35.

## **FOURTH CAUSE OF ACTION**

(Age Discrimination Under New York City Human Rights Law)

36. Defendants incorporate by reference their responses to the previous paragraphs of the Complaint as if fully set forth herein.

37. Deny the allegations in Paragraph 37.

38. Deny the allegations in Paragraph 38.

39. Deny the allegations in Paragraph 39.

## **PRAYER FOR RELIEF**

Defendants deny the allegations set forth in the WHEREFORE clause of the Complaint (inclusive of sub-parts (a) through (d)), and further deny that Plaintiff is entitled to any of the relief demanded therein or to any other type of remedy, relief or damages in this action.

## AFFIRMATIVE DEFENSES

Defendants assert the following defenses:

### FIRST DEFENSE

Plaintiff's claims or remedies are diminished or barred to the extent that Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendants or to otherwise avoid harm.

### SECOND DEFENSE

Defendants' actions toward Plaintiff were taken based upon legitimate, non-discriminatory and non-retaliatory business reasons.

### THIRD DEFENSE

In the event that Plaintiff can demonstrate that his age was a motivating factor in any decision that he challenges, though such is not admitted herein, he is not entitled to monetary damages or other relief because Defendants would have taken the same action in the absence of any such allegedly impermissible factor.

### FOURTH DEFENSE

Plaintiff is not entitled to punitive damages because all actions regarding Plaintiff were taken in good faith efforts to comply with all applicable statutes and laws and for legitimate reasons.  Defendants did not act with an improper motive or reckless disregard of Plaintiff's protected rights and/or Plaintiff cannot prove a willful violation of law.  Further, Plaintiff is precluded from recovering punitive damages to the extent that an award of punitive damages would be an unconstitutional denial of Defendants' rights to due process and/or equal protection under the Fifth and Fourteenth Amendments.

### FIFTH DEFENSE

Defendants acted in good faith and without malice, willfulness or evil intent.

### SIXTH DEFENSE

Any alleged emotional distress or mental anguish suffered by Plaintiff was not caused by Defendants or by any of their respective agents and/or employees.

### SEVENTH DEFENSE

Plaintiff is not entitled to relief, or at a minimum, any award or recovery must be reduced, to the extent he has failed to mitigate his alleged damages.

### EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, estoppel, and/or unclean hands.

### NINTH DEFENSE

Plaintiff's claims under the New York State Human Rights Law ("NYCHRL") are barred in whole or in part by his failure to serve a copy of the Complaint on the New York City Commission on Human Rights.

### TENTH DEFENSE

To the extent applicable, Defendants have established, implemented and complied with policies, programs and procedures for the prevention and detection of unlawful discriminatory and/or retaliatory practices in accordance with the NYCHRL and the New York State Human Rights Law ("NYSHRL").

### ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants did not approve or condone the allegedly discriminatory and/or defamatory action.

### TWELFTH DEFENSE

To the extent applicable, all relevant factors should be considered in accordance with § 8-107(13)(d)-(f) and § 8-126(b) of the NYCHRL.

### THIRTEENTH DEFENSE

The statements within the publication challenged by Plaintiff are true or substantially true and Plaintiff therefore cannot carry his burden of proving that the statements are false.

### FOURTEENTH DEFENSE

The challenged statements that form the basis of the defamation claim are opinions which are not actionable, and are protected under the Federal Constitution and Constitution of New York.

### FIFTEENTH DEFENSE

The challenged statements are not reasonably capable, in whole or in part, of the defamatory meanings and implications attributed to them by Plaintiff.

### SIXTEENTH DEFENSE

At all times relevant to the Complaint, Plaintiff was a general or limited-purpose public figure.

### SEVENTEENTH DEFENSE

Defendants acted without actual malice, scienter, and/or fault, either in the Constitutional sense or the common law sense, in all of their conduct relating to the challenged statements.

**EIGHTEENTH DEFENSE**

Plaintiff has not been injured or damaged in any amount, manner, or at all by reason of any conduct of Defendant, and Plaintiff's alleged injury or damages, if any, are the result of his own conduct or the conduct of others beyond Defendants' control and for whom Defendants are not legally responsible.

**NINETEENTH DEFENSE**

Plaintiff cannot recover damages because at the time the allegedly defamatory statements were made, his reputation had already been damaged as a result of his own conduct.

WHEREFORE, Defendants respectfully request that this Court dismiss Plaintiff's Complaint with prejudice, enter judgment in favor of Defendants, and award Defendants their costs, including reasonable attorneys' fees and such other relief as this Court may deem just and appropriate.

Dated: July 6, 2017                                     Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**

By: */s/ Jason D. Burns*
      Jason D. Burns

101 Park Avenue
New York, NY 10178
Tel: (212) 309-6000
Fax: (212) 309-6001
jason.burns@morganlewis.com

*Attorneys for Defendants*