UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YORON COHEN,<br><br>                Plaintiff,<br><br>      v.<br><br>JONES LANG LASALLE AMERICAS,<br>INC., PETER RIGUARDI,<br>and STEPHEN SCHLEGEL,<br><br>                Defendants. | No. 17-CV-3471<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

      The Court enters the following protective order pursuant to Federal Rule of Civil Procedure 26(c).

      It is hereby ORDERED, for good cause shown, that the following procedures and provisions shall apply to discovery in the above captioned case in order to protect trade secrets, confidential research and development, sensitive personal information, proprietary information and/or other confidential information.

**1.**     **DEFINITIONS**

      A.     "Party" means a named party to this case. "Parties" collectively refers to two or more named parties to this case.

      B.     "Person" means an individual or an entity, and includes the Parties and non-Parties to this case.

      C.     "Producer" or "Producing Party" means a Person who produces information or documents via the discovery process in this case.

{00085701;1}

D. "Recipient" or "Receiving Party" means a Person who receives information or documents via the discovery process in this case.

E. "Material" means information in written, oral, graphic/pictorial, audiovisual, digital, electronic, or other form, whether it be electronically stored information, a document, information contained in a document, document metadata, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise disclosed and/or any copies or reproductions, excerpts, summaries or other electronically stored information, documents or media that excerpt, contain, or otherwise reveal the substance of such information.

F. "Confidential Information" means any information of any type, kind or character which is designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a Party or non-Party pursuant to this Stipulated Protective Order, whether it be electronically stored information, document metadata, a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or otherwise.

**2.    DESIGNATION OF CONFIDENTIAL INFORMATION**

A. A Person (including a Party or non-Party) may designate the following types of Material as "Confidential" or "High Confidential – Attorneys' Eyes Only:"

  i. A Party's or non-Party's trade secrets, financial information or sensitive business or proprietary information, including unpublished editorial information, provided the information is not otherwise available to the public through other means; or

  ii. Other information in which a Party or non-Party has a reasonable expectation of privacy or confidentiality.

{00085701;1}                                        2

B.  None of the following types of Material shall be designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only:"

   i.   Information that is in the public domain at the time of disclosure;

   ii.  Information that becomes part of the public domain through no fault of the other Parties; or

   iii. Information that was in the rightful and lawful possession of the Receiving Party at the time of disclosure.

C.  A Party or non-Party may designate Material as "Highly Confidential – Attorneys' Eyes Only" only where disclosure to another Party or non-Party would create a substantial risk of serious injury by the disclosure of trade secrets or other confidential technical, financial, or personal information and the disclosure requires more stringent protection than that provided for designated "Confidential" information, documents or items, and whose protection cannot be provided by less restrictive means.  Notwithstanding the foregoing, the Parties reserve their right to challenge the propriety of any designation of Material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to Section 5(A) herein.

D.  No designation of confidentiality shall be made unless counsel for the designating party believes in good faith that the material is in fact Confidential or Highly Confidential – Attorneys' Eyes Only within the meaning of this Stipulated Protective Order.

E.  Any Party or non-Party may protect information he, she, or it believes constitutes Confidential Information by designating such information as "Confidential" or Highly Confidential – Attorneys' Eyes Only" prior to or at the time of disclosure of such information. Such designation shall be accomplished by prominently and clearly placing the notation

"Confidential" or "Highly Confidential – Attorneys' Eyes Only" (or some notation essentially equivalent to the phrase "Highly Confidential – Attorneys' Eyes Only") on every page of each document or portion thereof so designated. In the case of Confidential Information disclosed in a non-paper medium (*e.g.*, personal property, physical samples, videotape, audiotape, computer disks, electronically stored information, etc.), the notation "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall be affixed to the outside of the medium or its container or file name so as to clearly give notice of the designation. Such designation is deemed to apply to the document and/or the non-paper medium itself and to the Confidential Information contained therein.

       F.     A Party or non-Party may designate information in deposition testimony as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by stating on the record at the deposition that the information is "Confidential" or "Highly Confidential – Attorneys' Eyes Only" or by advising all other Parties and the stenographer and videographer in writing, within thirty (30) days after receipt of the deposition transcript, that the information is "Confidential" or "Highly Confidential – Attorneys' Eyes Only." Unless otherwise agreed to by the Parties, all transcripts and video footage of deposition testimony shall be deemed "Confidential" until thirty (30) days after receipt of the deposition transcript by the Party or non-Party deposed. Any "Confidential" or "Highly Confidential – Attorneys' Eyes Only" designation of deposition testimony pursuant to this paragraph shall apply to the deposition transcript and any corresponding deposition video footage.

G.     Each deponent to whom any Party proposes to disclose Confidential Information at a deposition, trial, or other proceeding shall be given a copy of this Stipulated Protective Order and informed of its contents.  The Parties shall take all necessary and appropriate steps to have such witnesses sign the Compliance Declaration attached hereto as EXHIBIT A.

H.     Documents or information disclosed or produced by a non-Party during the litigation, including without limitation documents or information provided in response to a subpoena or during deposition, shall be treated as "Confidential" for thirty (30) days from the date the documents or information is served or the date of deposition.  During this thirty (30) day period, if a Party wants to designate specific portions of the information as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," it must notify all Parties in writing of such designation.  If no notification is given, at the expiration of the thirty (30) day period, the documents or information shall no longer be treated as "Confidential."

3.     **USE AND DISCLOSURE OF CONFIDENTIAL INFORMATION**

A.     All Confidential Information produced or exchanged in the course of this case shall be used solely for the purpose of litigating this case, subject to the restrictions of this Stipulated Protective Order.

B.     Absent written permission from the Producing Party or further Order by the Court, the Receiving Party may not disclose information designated as "Confidential" to any Person other than the following:

i.     The Court, personnel assisting the Court and the Jury in this case;

ii.    Attorneys of record for the Parties in this case, including necessary paralegal, secretarial and clerical personnel assisting such counsel (collectively, "Outside

Litigation Counsel);

      iii.    The Parties' in-house counsel who are licensed attorneys at the time of disclosure;

      iv.    The Parties and their officers, directors, partners, members, employees and agents that Outside Litigation Counsel of such Parties deem necessary to aid in the prosecution and defense of this case, and that have agreed to be bound by the terms of this Stipulated Protective Order by executing the Compliance Declaration in the form attached hereto as EXHIBIT A;

      v.    Stenographic and videographic reporters used in this case (whether at depositions, hearings, or any other proceeding), bonded outside copy services and other litigation support vendors;

      vi.    Actual independent experts or consultants retained and/or consulted by any Party, to whom disclosure is reasonably necessary in this action, and that have agreed to be bound by the terms of this Stipulated Protective Order by executing the Compliance Declaration in the form attached hereto as EXHIBIT A, provided that such Confidential Information may be disclosed only to the extent necessary for the expert to render such expert assistance;

      vii.    Professional jury or trial consultants, mock jurors and professional vendors to whom disclosure is reasonably necessary in this action, and that have agreed to be bound by the terms of this Stipulated Protective Order by executing the Compliance Declaration in the form attached hereto as EXHIBIT A;

      viii.    Any arbitrator, mediator or case evaluator in this case and all of their staff;

      ix.    Any actual or potential deposition, trial or hearing witness in this case,

only if that witness previously lawfully possessed, authored or otherwise had access to the Confidential Information;

x. Any actual or potential non-Party witness in this case who has not previously had access to the Confidential Information and to whom disclosure is reasonably necessary in this action provided: (1) the Party seeking to disclose the information has a good faith basis to disclose the Confidential Information to such witness (for example, the Party possesses information that the witness has knowledge regarding the matter in which the particular Confidential Information to be disclosed pertains); and (2) the witness agrees to be bound to the terms of this Stipulated Protective Order by executing the Compliance Declaration in the form attached hereto as EXHIBIT A.  In the event such witness declines to sign EXHIBIT A, the Parties shall meet and confer in good faith to discuss options for more limited disclosure or potentially narrowing the confidentiality designations.  If the Parties are unable to reach an agreement on this matter, the Party seeking to disclose the information may make an application to the Court, and may not disclose the information prior to a ruling by the Court.

C. Absent written permission from the Producing Party or further Order by the Court, a Receiving Party may not disclose information designated as "Highly Confidential – Attorneys' Eyes Only" to any Person other than those identified in Section 3(B)(i), (ii), (iii), (v), (vi), (vii), (viii) (ix) and (x) herein.

D. The attorneys of record for a Party who wishes to disclose Confidential Information to Persons other than those identified in Sections 3(B) and (C) shall notify the attorneys of record for the other Parties.  The attorneys shall discuss in good faith whether disclosure can be made.  If they cannot agree, the Party seeking disclosure shall move the Court,

on reasonable notice, for an order permitting disclosure. No disclosure of the information to persons other than those identified in Sections 3(B) and (C) shall be made, pending a ruling by the Court.

4. **INADVERTENT FAILURE TO DESIGNATE**

   A. The inadvertent failure to designate Confidential Information as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" prior to or at the time of disclosure shall not operate as a waiver of a Party's or non-Party's right to designate such information as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" within thirty (30) days after such disclosure or after discovery of an inadvertent failure to designate Confidential Information, whichever is later. When a Party or non-Party inadvertently fails to designate Confidential Information, he, she, or it must promptly provide the other Parties with written notice of an intent to subsequently designate Confidential Information as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

   B. In the event that Confidential Information is belatedly designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to Section 4(A) herein, the designating Party shall make available properly designated copies of the Confidential Information in accordance with the terms of this Stipulated Protective Order.

   C. This Stipulated Protective Order is not intended to apply to the inadvertent production of privileged material. Any such inadvertent production shall in no way prejudice or otherwise constitute a waiver of, or estoppels as to, any claim of privilege, work-product immunity, protection pursuant to the joint defense or common interest doctrine, or any other applicable privilege for the inadvertently produced document or any other document covering the

same or a similar subject matter under applicable law, including Federal Rule of Evidence 502. When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

**5.     CHALLENGING A DESIGNATION**

A. A Party shall not be obligated to challenge the propriety of a designation as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event any Party to this litigation disagrees at any stage of these proceedings with the designation by the designating party of any information as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting Party may invoke this Stipulated Protective Order by objecting in writing to the Party or non-Party who has designated the document or information as "Confidential" or "Highly Confidential – Attorneys' Eyes Only." Either party may then move the Court for an order adjudicating the designated status of such information or document. At all times, the burden of proving that discovery material has been properly designated as Confidential Information shall remain with the designating party.

**6.     FILING CONFIDENTIAL INFORMATION WITH THE COURT**

A. This Stipulated Protective Order does not, by itself, authorize the filing of any document or information under seal. A Party wishing to file under seal a document containing "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information shall move the Court for permission to file the document or information under seal in accordance with Judge

Cote's Individual Practices in Civil Cases, "Redactions and Filing Under Seal," currently accessible at http://www.nysd.uscourts.gov/cases/show.php?db=judge_info&id=1245.

### 7. DISPOSITION OF CONFIDENTIAL INFORMATION

A.  Within thirty (30) days after conclusion of this litigation and any appeal thereof, all documents and reproductions thereof containing Confidential Information produced by a Party in the possession of any Persons identified in Section 3(B)(ii), (iii), (iv), (vi), (vii) and (ix) shall be returned to the Producing Party or destroyed and counsel shall certify to the full and complete return and/or destruction thereof, except as this Court may otherwise order or to the extent such information was used as evidence at the trial.  Notwithstanding the foregoing, and subject to any Court order requiring the contrary, counsel for each Party may maintain a litigation file of all documents filed with the Court, including documents filed under seal that have not been destroyed by the Court or returned by the Court to the Party that lodged, filed or attempted to file them.  Any such retained documents that contain or constitute Confidential Information remains subject to this Stipulated Protective Order.

### 8. MISCELLANEOUS PROVISIONS

A.  The Court retains jurisdiction even after termination of this case to enforce this Stipulated Protective Order and to make such deletions from or amendments, modifications, and additions to the Stipulated Protective Order as the Court may from time to time deem appropriate.  The Parties reserve all rights to apply to the Court at any time, before or after termination of this action, for an Order modifying this Stipulated Protective Order or seeking further protection against disclosure or use of claimed Confidential Information.

B. Nothing in this Stipulated Protective Order will prevent any Party from producing any Confidential Information in its possession in response to a lawful subpoena or other compulsory process, or if required to produce it by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least ten (10) days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

C. Nothing in this Stipulated Protective Order shall be construed to preclude or restrict any Producing Party or its counsel from using, in any way, the Producing Party's own Confidential Information.

D. By entering into this Stipulated Protective Order, no Party or non-Party waives any objections it might have with respect to the production of documents covered by this Stipulated Protective Order.

E. No Party, or non-Party by entering into this Stipulated Protective Order, by designating certain information as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" or by acquiescing in any other Party's or non-Party's such designation, shall be deemed to have admitted or agreed that any such designated information is, in fact, a trade secret or other confidential research, development, or proprietary, confidential or competitively sensitive business, commercial, financial, or personal information.

F. Any Party who has not executed this Stipulated Protective Order as of the time it is presented to the Court for signature may thereafter become a party to this Stipulated Protective

Order by its counsel's signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy upon the other parties to this Stipulated Protective Order.

G.   Nothing in this Stipulated Protective Order shall restrict any Party from introducing Confidential Information as evidence at trial.  The Parties shall meet and confer regarding the procedures for use of any "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information at trial and shall move the Court for entry of an appropriate Order.  A Party also may seek a Protective Order prior to or at trial with respect to specific documents or information that he, she or it contends are confidential.

H.   Nothing in this Stipulated Protective Order shall affect the admissibility into evidence of Confidential Information, or abridge the rights of any Person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of any Confidential Information.

SO STIPULATED AND AGREED:

Dated:  October 26, 2017    By: _____
Charles J. Harder, Esq.
HARDER MIRELL & ABRAMS LLP
132 S. Rodeo Drive, Fourth Floor
Beverly Hills, California 90212
Tel. (424) 203-1600

Dated:  October 26, 2017    By: _____
Anthony J. Harwood, Esq.
HARDER MIRELL & ABRAMS LLP
488 Madison Avenue, Eighteenth Floor
New York, NY 10022
Tel. (212) 799-1400
*Counsel for Plaintiff Yoron Cohen*

Dated: October 26, 2017

By: _____
Jason D. Burns, Esq.
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
Tel. (212) 309-6000
*Counsel for Defendants Jones Lang LaSalle Americas, Inc., Peter Riguardi and Stephen Schlegel*

**SO ORDERED:**

_____
Honorable Denise L. Cote
United States District Judge

{00085701;1}                                    13

# EXHIBIT A:

## DECLARATION CONFIRMING COMPLIANCE WITH STIPULATED PROTECTIVE ORDER

I, _____, hereby declare the following:

1. My address is _____. My telephone number is (_____) _____ - _____.

2. I have read and I understand the *Stipulated Protective Order* (the "Protective Order"), entered in the action *Yoron Cohen v. Jones Lang LaSalle Americas, Inc., et al*, Southern District of New York Case No. 17-CV-03471, and I agree to be bound by its terms.

3. I understand that this Protective Order requires me not to disclose any information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" that is provided to me in the course of my involvement in this litigation to any person not authorized by this Protective Order to receive such information.

4. I agree that I shall return all documents containing any information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" that have been provided to me, together with any work product including such information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," upon demand by the Court or the counsel or party who furnished such information to me.

5. I agree that I shall, within thirty (30) days of the conclusion of this litigation, destroy or return to the designating party all copies of any documents designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Stipulated Protective Order.

  6.  I consent to the jurisdiction of the United States District Court, Southern District of New York, with respect to any actions relative to the enforcement of the Protective Order, recognizing that in doing so I subject myself to the full powers of that Court, including the power of imposing sanctions for contempt.

  I declare under penalty of perjury under the laws of the State of New York and the United States of America that the foregoing is true and correct.

  Executed on _____ \_\_\_, 201\_ at _____ (city), _____ (state).

          (signature) _____

          (printed name) _____