# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YORON COHEN,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>JONES LANG LASALLE AMERICAS, INC., PETER RIGUARDI, and STEPHEN SCHLEGEL,<br><br>　　　　　　　Defendants. | No. 17-CV-03471<br><br>**DEFENDANT JONES LANG LASALLE AMERICAS, INC.'S AND OBJECTIONS RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** |

　　　　Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and the Local Rules of the United States District Court for the Southern District of New York ("Local Rules"), Defendant Jones Lang La Salle Americas, Inc. (the "Defendant" or "JLL"), by and through its attorneys, Morgan, Lewis & Bockius LLP, hereby responds and objects to Plaintiff Yoron Cohen's ("Plaintiff" or "Cohen") First Set of Interrogatories (the "Requests"), in accordance with the numbered Interrogatories as set forth below.

　　　　These responses and objections reflect Defendant's current knowledge and the results of its investigation to date. Defendant reserves the right to amend or supplement these responses in the future in accordance with Fed. R. Civ. P. 26(e)(1) as may be necessary or appropriate.

## PRELIMINARY STATEMENT

　　　　1.　　　The responses and objections contained herein (the "Responses") are made solely for the purpose of the above-captioned litigation ("Lawsuit") and are not to be used in connection with any other action.

　　　　2.　　　The Responses reflect Defendant's knowledge, information, and belief as of the date of Response. Defendant may engage in further investigation, discovery, and analysis that

**RESPONSE TO INTERROGATORY NO. 1:** Defendant objects to this Request on the grounds that it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, particularly in that Cohen's hiring in 2010 is not at issue in this action.  Defendant further objects to the Request on the grounds that it is not reasonably limited in temporal scope given that Plaintiff's allegations in the Complaint concern events alleged to have occurred long after 2010.  Defendant objects to the Request on the grounds that it is compound and improperly contains multiple, distinct requests for information.  Defendant objects to this Request on the grounds that the phrase "retention of Cohen" is vague and confusing. Subject to and without waiving the foregoing objections, Defendant responds that the following individuals may have knowledge of negotiations related to the 2015 Amendment to the Independent Contractor Agreement:  Thomas G. Morande (during the relevant time period, Chief Operating Officer, Capital Markets, Americas); Cohen, Scott Latham, Richard Baxter, and Jonathan Caplan (all former JLL brokers).

**INTERROGATORY NO. 2:**  Identify any and all persons with knowledge of Cohen's Team's financial and/or sales performance.

**RESPONSE TO INTERROGATORY NO. 2:**  Defendant objects to this Request on the grounds that it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, particularly in that "Cohen's Team" as defined in the Requests includes numerous individuals whose performance has no connection to the vague allegations in the Complaint.  Defendant objects to the Request on the grounds that it is not reasonably limited in temporal scope given that the Request, as drafted, seeks documents that pre-date Plaintiff's allegations in the Complaint and time periods after Cohen's voluntary resignation from Defendant.  Subject to and without waiving the

6

foregoing objections, Defendant responds that the following individuals currently or formerly affiliated with JLL may have knowledge responsive to this Request:  Cohen, Scott Latham, Richard Baxter, Jonathan Caplan, Stephen Schlegel, Peter Riguardi, Gavin Morgan (former JLL Vice Chairman), Jonathan Geanakos (Head of Capital Advisors, Americas), and James Koster II (Group Head, Americas Capital Markets and Investor Services).

**INTERROGATORY NO. 3**:  Identify any and all persons with knowledge of the reason(s) You appointed Gavin Morgan as head of Your Capital Markets Group in New York.

**RESPONSE TO INTERROGATORY NO. 3**:  Defendant objects to this Request on the grounds that it seek information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, particularly in that there are no allegations in the Complaint even remotely related to the terms of Mr. Morgan's employment or the reasons for decisions, if any, regarding his job title or position with Defendant.  Defendant further objects to this Request to the extent that it requires the disclosure of confidential, proprietary and/or business information concerning Defendant.

**INTERROGATORY NO. 4**:  Identify any and all persons with knowledge of Cohen's Team's compensation (including any bonuses or commission), including any reduction in compensation or decision to not pay a particular bonus or commission.

**RESPONSE TO INTERROGATORY NO. 4**:  Defendant objects to this Request on the grounds that it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, particularly in that "Cohen's Team" as defined in the Requests includes numerous individuals who have no connection to the vague allegations in the Complaint and Cohen has not identified a single individual whose compensation was impacted whatsoever as alleged in the Complaint.

Defendant objects to the Request on the grounds that it is not reasonably limited in temporal scope given that the Request, as drafted, seeks documents that pre-date Plaintiff's allegations in the Complaint and time periods after Cohen's voluntary resignation from Defendant.  Defendant objects to this Request to the extent that it requires the disclosure of confidential, proprietary and/or business information concerning Defendant.  Defendant objects to this Request on the grounds that phrase "decision to not pay a particular bonus or commission" is vague and confusing.  Subject to and without waiving the foregoing objections, Defendant responds that the following individuals may have knowledge responsive to this Request:  Cohen, Scott Latham, Richard Baxter, Jonathan Caplan, Stephen Schlegel, and Thomas G. Morande.

**INTERROGATORY NO. 5:**  Identify any and all persons with knowledge of Cohen's Team's office placement and/or location, including any decision regarding any move or relocation of any member of Cohen's Team's office.

**RESPONSE TO INTERROGATORY NO. 5:**  Defendant objects to this Request on the grounds that it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, particularly in that "Cohen's Team" as defined in the Requests includes numerous individuals who have no connection to the vague allegations in the Complaint and Cohen has not identified a single individual whose office location was negatively impacted as alleged in the Complaint. Defendant objects to the Request on the grounds that it is not reasonably limited in temporal scope given that the Request, as drafted, seeks documents that pre-date Plaintiff's allegations in the Complaint and time periods after Cohen's voluntary resignation from Defendant.  Defendant further objects to this Request as overly broad, unduly burdensome and oppressive in that it, read literally, the Request would purport to require Defendant to identify every person who ever

observed the location of any office for any member of Cohen's Team.  Subject to and without waiving the foregoing objections, Defendant responds that, upon information and belief, the following individuals are aware that, as part of a larger office reorganization that involved changes to the office and/or seating locations of over one hundred individuals, members of Cohen's Team agreed to move from the fourth floor to the third floor of JLL's offices at 330 Madison Avenue in New York, New York:  Cohen, Scott Latham, Richard Baxter, Jonathan Caplan, Stephen Schlegel, and ==Gavin Morgan==.

**INTERROGATORY NO. 6:**  Identify any and all persons with knowledge of any and all efforts by You to retain any member of Cohen's Team in connection with Cohen's resignation from JLL.

**RESPONSE TO INTERROGATORY NO. 6:**  Defendant objects to this Request on the grounds that it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections, Defendant responds that that following individuals may have knowledge about efforts to retain one or more members of Cohen's Team, as defined in the Requests, in or around the time of Cohen's voluntary resignation from JLL:  Cohen, Richard Baxter, Peter Riguardi, Stephen Schlegel, James Koster II, and Jonathan Geanakos.

**INTERROGATORY NO. 7:**  Identify any and all persons with knowledge of any facts that support or negate the truth of the Statements.

**RESPONSE TO INTERROGATORY NO. 7:**  Defendant objects to this Request on the grounds that it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Request on the grounds that the term "Statements" as defined in the Requests is

vague and confusing.  Defendant objects to the Request to the extent is seeks a legal theory or conclusion rather than a factual response and, therefore, is beyond the permissible scope of discovery.   Defendant further objects to the characterization of the "Statements" as defamatory. Subject to and without waiving the foregoing objections, Defendant responds that the following individuals currently or formerly affiliated with JLL may have knowledge responsive to this Request:  Cohen, Scott Latham, Richard Baxter, Jonathan Caplan, Gavin Morgan, Peter Riguardi, Stephen Schlegel, Jonathan Geanakos, and James Koster II.

**INTERROGATORY NO. 8:**  Identify any person, not otherwise identified in response to these Interrogatories, who has personal knowledge of facts relevant to the subject matter of this action.

**RESPONSE TO INTERROGATORY NO. 8:**  Defendant objects to this Request on the grounds that the phrase "facts relevant to the subject matter of this action" is vague and confusing. Defendant objects to the Request to the extent is seeks a legal theory or conclusion rather than a factual response and, therefore, is beyond the permissible scope of discovery. Defendant further objects to this Request as overly broad, unduly burdensome and oppressive.

**INTERROGATORY NO. 9:**  Identify all documents and communications that support or negate the truth of the Statements.

**RESPONSE TO INTERROGATORY NO. 9:**  Defendant objects to this Request on the grounds that it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request on the grounds that the term "Statements" as defined in the Requests is vague and confusing.  Defendant objects to the Request to the extent is seeks a legal theory or conclusion rather than a factual response and, therefore, is beyond the permissible scope of

discovery. Defendant objects to the extent that the Request seeks to impose obligations on Defendant beyond those prescribed by the Federal Rules of Civil Procedure and/or the Local Rules. Defendant further objects to the characterization of the "Statements" as defamatory. Defendant objects to the extent this Request seeks information that may be protected from disclosure under the attorney-client privilege work-product doctrine, and/or any other applicable privileges. Subject to and without waiving the foregoing objections, Defendant refers Cohen to documents to be produced by Defendant in this action from which information responsive to this Request may be obtained.

Dated: November 15, 2017          MORGAN, LEWIS & BOCKIUS LLP


/s Jason D. Burns_____
Jason D. Burns
Michael L. Banks
101 Park Avenue
New York, NY  10178-0060
+1.212.309.6000
+1.212.309.6001
jason.burns@morganlewis.com

*Attorneys for Defendants*

## VERIFICATION

I, Stephen Schlegel, hereby state that I am Market Director, New York Tri-state Region, at Jones Lang LaSalle, Americas, Inc. ("JLL"), and am authorized to make this verification on behalf of JLL in this matter. I hereby state that the foregoing responses and objections to Plaintiff's Interrogatory Nos. 1, 2, 4, 5, 6, and 7 to be true and correct to the best of my knowledge, information and belief. I understand that this verification is made under penalty of perjury under the laws of the United States of America.

Stephen Schlegel

DATED: November 15, 2017

**CERTIFICATE OF SERVICE**

I hereby certify that I caused to be served by email and U.S. Mail a true and correct of Defendant Jones Lang LaSalle Americas, Inc's Responses and Objections to Plaintiff's First Set of Interrogatories on this 17th day of November, 2017 on:

Anthony Harwood, Esq.
HARDER MIRELL & ABRAMS, LLP
488 Madison Avenue, 18th Floor
New York, New York 10022
aharwood@hmafirm.com

*Attorneys for Plaintiff*

/s/ Jason D. Burns
Jason D. Burns