# EXHIBIT 01

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| YORON COHEN,<br><br>                 Plaintiff,<br><br>      v.<br><br>JONES LANG LASALLE AMERICAS, INC., PETER RIGUARDI, and STEPHEN SCHLEGEL,<br><br>                 Defendants. | No. 17-CV-03471<br><br>**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE TO OBTAIN EVIDENCE IN THE UNITED KINGDOM (LETTERS ROGATORY)** |

      The United States District Court for the Southern District of New York presents its compliments to the Senior Master of the Royal Courts of Justice, Queen's Bench Division and requests assistance in obtaining evidence to be used in a civil proceeding now pending before this Court.

      The District Court requests that the Senior Master approve Plaintiff Yoron Cohen's nomination of a practicing Barrister or such other qualified person as the Court deems fit, to act as Examiner for the purpose of obtaining evidence for trial from one witness—Gavin Morgan, who resides in the United Kingdom.

      This request is made pursuant to, and in conformity with the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, to which both the United States and the United Kingdom are a party.

      The Plaintiff in this matter considers that the evidence sought is directly relevant to the issues in dispute. If Plaintiff's claims are not dismissed, it is expected, based on existing timetables, that the United States District Court for the Southern District of New York will schedule trial on or about the third or fourth quarter of 2018.

{00087315;1}
1

The particulars of this Hague Evidence Request are as follows:

1. **Sender:**

    Honorable Denise L. Cote
    District Judge
    United States District Court for the Southern District of New York

2. **Central Authority of the Requested State:**

    COMPETENT AUTHORITY FOR ENGLAND AND WALES
    Senior Master of the Queen's Bench Division
    ROYAL COURTS OF JUSTICE
    Strand
    London WC2A 2LL
    UNITED KINGDOM

    **On behalf of:**

    THE CENTRAL AUTHORITY FOR THE UNITED KINGDOM
    Her Majesty's Principal Secretary of State for Foreign Affairs
    FOREIGN AND COMMONWEALTH OFFICE
    King Charles Street
    London SW1A 2AH, England
    UNITED KINGDOM

3. **Person to Whom Executed Request is to be Returned:**

    Plaintiff's Legal Representative in the UK:

    Louis Castellani, Esq.
    Harbottle & Lewis LLP
    Hanover House
    14 Hanover Square
    London, W1S 1HP

    **On behalf of:**

    Honorable Denise L. Cote
    District Judge,
    United States District Court for the Southern District of New York

## IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOR TO SUBMIT THE FOLLOWING REQUESTS:

4. **Requesting Judicial Authority**

   Honorable Denise L. Cote
   District Judge,
   United States District Court for the Southern District of New York

5. **To the Competent Authority of:**

   The United Kingdom of Great Britain and Northern Ireland

6. **Names and Address of the Parties and their Representatives:**

   a. **Plaintiff:**

      Yoron Cohen

      Represented in the United States by:

      Charles J. Harder, Esq.
      Ryan J. Stonerock, Esq.
      Harder Mirell & Abrams LLP
      132 S. Rodeo Drive, Fourth Floor
      Beverly Hills, California 90212

      Represented in the United Kingdom by:

      Louis Castellani, Esq.
      Harbottle & Lewis LLP
      Hanover House
      14 Hanover Square
      London, W1S 1HP

   b. **Defendants:**

      Jones Lang Lasalle Americas, Inc., Peter Riguardi, and Stephen Schlegel

      Represented in the United States by:

      Michael L. Banks, Esq.
      Jason D. Burns, Esq.
      Morgan, Lewis & Bockius
      101 Park Avenue
      New York, New York 10178

{00087315;1}                                      3

       Represented in the United Kingdom by:

       Not known at this time.

**7.    Nature of the Proceedings**

The instant case arises out of the termination of an employment relationship between Plaintiff, 63-year old real-estate broker Yoron Cohen ("Plaintiff" or "Mr. Cohen"), and his former employer, defendant real-estate firm Jones Lang LaSalle Americas, Inc. ("JLL"). Co-defendants Peter Riguardi and Stephen Schlegel (collectively with JLL, "Defendants") are executives of JLL. Mr. Cohen has sued Defendants for age discrimination and slander.

    **a.    Plaintiff's Position**

In or about December 2015, JLL appointed Gavin Morgan (the person from whom evidence is sought through this Request), a 45-year old outsider from JLL's Hong Kong office, as head of its Capital Markets Group for the New York Tri-State area. Through this appointment, JLL removed management of Mr. Cohen's team and business line from Mr. Cohen and his partners and awarded it to Mr. Morgan, who was fifteen years their junior, without consulting or offering the role to Mr. Cohen or his partners, as required by its agreement with Mr. Cohen's team. Thereafter, Mr. Morgan continued JLL's campaign to drive Mr. Cohen and his partners out of JLL and replace them with a younger workforce. This included conducting individual meetings with Mr. Cohen's team during which Mr. Morgan told certain team members that Mr. Cohen and his partners were "old," "tired," and "checked out" and that JLL was looking to "recruit younger talent." JLL also moved Mr. Cohen and his team from their established office space to a far less desirable location and configuration, which inhibited their ability to collaborate effectively, and implemented changes that effectively

reduced the compensation of Mr. Cohen and his team, including divesting them of exclusivity for certain types of transactions, removing senior personnel on Mr. Cohen's team from JLL's payroll and shifting those costs to Mr. Cohen's team, and improperly withholding bonus payments to Mr. Cohen's team.  Left with no reasonable alternative, Mr. Cohen and his partners resigned from their position at JLL at the end of 2016.

      In an attempt to distract from the true reason for the departure of Mr. Cohen and his partners, Defendants made false and defamatory statements to a reporter at the *The Real Deal*, a leading publication covering the New York real estate industry.  The resulting story was entitled "*Inside the exodus of JLL's I-sales quartet*" and published by *The Real Deal* on January 6, 2017 (the "Article").  The Article contained several false statements Defendants made about Mr. Cohen and his team to *The Real Deal*, including that Mr. Cohen and his partners were underperforming at JLL, that they were informed of this during a meeting in January 2016, and that they were given an ultimatum in September 2016 to improve their numbers or they would be required to leave JLL in December 2016.  Defendants' statements led readers to believe that Mr. Cohen was forced out of JLL due to poor performance.  Each of these statements were false.

      Meanwhile, as reported in the Article, "[Mr.] Morgan, who relocated from JLL in Hong Kong to manage the New York Capital markets Group in December 2015, was recently reassigned after a year of what sources both within and outside JLL said was poor leadership." Mr. Cohen believes that Mr. Morgan was terminated by JLL, as Defendants have confirmed that Mr. Morgan is no longer an employee of JLL.  Mr. Cohen believes Mr. Morgan's termination was related to the above-alleged conduct, which would corroborate his claims in this action.

### b. Defendants' Position

After voluntary resigning from JLL to join one of its direct competitors, Plaintiff filed this lawsuit alleging baseless claims for age discrimination and slander. Defendants deny Plaintiff's claims in their entirety. Defendants specifically deny that Mr. Morgan was involved or engaged in any discriminatory conduct toward Plaintiff. Plaintiff's allegation that JLL transferred Mr. Morgan to its New York office as part of an alleged scheme to discriminate against Plaintiff has no basis in fact. Plaintiff's reckless allegation that Mr. Morgan was terminated as a result of events alleged in Plaintiff's lawsuit is likewise unfounded. Defendants deny that the statements underlying Mr. Cohen's slander claim are false or defamatory. Plaintiff does not allege in his Complaint that Mr. Morgan is the source of any alleged defamatory statements. Indeed, contrary to Plaintiff's claim that Mr. Morgan is key figure in this action, Mr. Morgan is not mentioned in Plaintiff's Complaint at all.

### c. Stage of The US Proceedings

This action was commenced by the filing of a Complaint by Mr. Cohen in the United States District Court, Southern District of New York, on May 9, 2017. Pursuant to this Court's Order, all fact discovery must be completed on or before March 30, 2018. Written discovery commenced in October 2017 and fact witness depositions will begin in January 2018. Based upon current timetables, if Plaintiff's claims are not dismissed, a trial is expected to take place in the third or fourth quarter of 2018.

### d. The UK Witness

The parties have both identified Mr. Morgan, located in the United Kingdom, as a witness who possesses information relevant to the claims in this matter.

It is believed that Mr. Morgan will likely give evidence only pursuant to a formal Request in conformity with The Hague Evidence Convention.

For the reasons set forth herein, the United States District Court for the Southern District of New York has granted Plaintiff's request for issuance of Letters Rogatory to take the oral examination of Mr. Morgan, a non-party.

### i. List of Subjects for Oral Examination

The United States District Court for the Southern District of New York requests that the following individual be ordered to attend for examination to give evidence about the following matters. All capitalized terms have the meanings ascribed to them in Section 7(b) above.

>    Gavin Morgan
>    CBRE Ltd.
>    St. Martin's Court
>    10 Paternoster Row
>    London, EC4M 7HP
>    United Kingdom

Mr. Morgan is a former Vice Chairman of defendant JLL's New York office. The subjects of Mr. Morgan's testimony proposed by Plaintiff are:

- Mr. Morgan's employment history with JLL, in particular, the positions he has held at JLL and his qualifications for the management position at the New York office;

- Mr. Morgan's knowledge of and views on the reason for his transfer from JLL's Hong Kong office to JLL's New York office, and his discussions with others at JLL regarding the same;

- Mr. Morgan's job duties as head of JLL's New York Capital Markets Group, and the actions taken by Mr. Morgan in connection his management of Mr. Cohen and Mr. Cohen's team;

- Mr. Morgan's knowledge of and views on Mr. Cohen's and his team's financial and/or sales performance;

- Mr. Morgan's knowledge of and views on Mr. Cohen's compensation while at JLL and how this was computed;

- Mr. Morgan's knowledge of and views on the steps alleged to have been taken by JLL to reduce Mr. Cohen's compensation by divesting exclusivity of certain transactions, and removing personnel on Mr. Cohen's team from JLL's payroll and shifting these costs to Mr. Cohen's team;

- Mr. Morgan's knowledge of and views on the payment of bonus payments to Mr. Cohen and his team, in particular, whether these were intentionally withheld and if so, the reasons for such withholding;

- Mr. Morgan's communications with others at JLL regarding Mr. Cohen's age, including his alleged statements to others at JLL that Mr. Cohen and his partners were "old," "tired," and "checked out," and that JLL was looking to "recruit younger talent";

- Mr. Morgan's knowledge of and views on any efforts by JLL to drive Mr. Cohen and his partners out of JLL and replace them with a younger workforce;

- Mr. Morgan's knowledge of and views on the culture of JLL relating to age in the workforce;

- Mr. Morgan's knowledge of and views on the purpose of the move of Mr. Cohen's and his team's offices;

- Mr. Morgan's knowledge of and views on the circumstances surrounding the

cessation of Mr. Cohen's employment at JLL;

- The truth or falsity of the statements in the Article that Mr. Cohen alleges are false and defamatory; and

- Mr. Morgan's knowledge of and views on the reason for his departure from JLL, in particular, whether it was related to any of the allegations made by Mr. Cohen in the lawsuit, which would corroborate his claims.

8.  **Evidence to be Obtained:**

Mr. Cohen seeks testimony from Mr. Morgan as listed above in Section 7(d).

9.  **Identity and Address of Persons to be Examined:**

Please see the above details regarding Gavin Morgan.

10. **Questions to be put to the person to be examined or statement of the subject matter about which they are to be Examined:**

Please see list of subjects itemized above.

11. **Documents or other Property to be Inspected:**

None.

12. **Any requirement that the evidence be given on oath or affirmation and any special form to be used:**

The witness should be examined on oath or if that is not possible within your laws or is impossible of performance by reason of the internal practice and procedure of your court or by reason of practical difficulties, they should be examined in accordance with whatever procedure your laws provide for in these matters.

13. **Special Methods or Procedures to be Followed:**

The United States District Court for the Southern District of New York respectfully requests assistance in appointing an English Examiner for the purpose of compelling oral

testimony for use at trial from English witnesses. The United States District Court for the Southern District of New York further requests that Plaintiff's counsel, Louis Castellani, a solicitor with Harbottle & Lewis LLP, arrange for the nomination of an Examiner in this matter. This Request is made pursuant to, and in conformity with, Article 18 of The Hague Evidence Convention of March 18, 1970, the Evidence (Proceedings in Other Jurisdictions) Act 1975, Local Civil Rules 26.3-26.5 for the United States District Court for the Southern District of New York, and Rule 34 of the Federal Rules of Civil Procedure.

The United States District Court for the Southern District of New York further requests that the parties' representatives or their designees, a court reporter and a videographer be permitted to be present during the examination; that the representatives or designees be permitted to examine and cross-examine the witness directly; and that a court reporter and a videographer be permitted to make a verbatim record of the proceedings.

**14. Request for Notification of the Time and Place for the Execution of the Request and Identity of the Person to be Notified:**

It is requested that testimony be taken at such place, date or time as ordered by the Senior Master and/or as otherwise agreed to by the witness and the respective representatives of the parties.

>Notice thereof should be made to Plaintiff's UK designee:
>
>Louis Castellani, Esq.
>Harbottle & Lewis LLP
>Hanover House
>14 Hanover Square
>London, W1S 1HP

**15. Request for Attendance or Participation of Judicial Personnel of the Requesting Authority at the Execution of the Letter of Request:**

None.

**16.    Specification of Privilege or Duty to Refuse to Give Evidence under the Laws of the State of Origin:**

Under the laws of the United States, a party has a privilege to refuse to give evidence if the evidence discloses the contents of a confidential communication between that party and an attorney for that party that was made for the purpose of obtaining legal advice.

Parties also enjoy limited privileges on other grounds such as communications between physician and patient, psychotherapist and patient, husband and wife, or clergy and penitent.

United States law also recognizes a privilege against criminal self-incrimination.

Certain other privileges are available that may place restrictions on the giving of evidence, such as the protection of documents created as the work product of attorneys during or in anticipation of litigation.

**17.    The Fees and Costs Incurred which are Reimbursable Under the Second Paragraph of Article 14 or Under Article 26 of the Convention will be Borne by:**

Plaintiff.

**DATE OF REQUEST:**_____, 2018

**SIGNATURE AND SEAL OF THE REQUESTING AUTHORITY**

_____
Honorable Judge Denise L. Cote
UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

This Court expresses its appreciation to you for your courtesy and assistance in this matter and states that, pursuant to the authority of 28 U.S.C. § 1782, it stands ready and willing to do the same for you in a similar matter when required.