

488 MADISON AVENUE, EIGHTEENTH FLOOR
NEW YORK, NY 10022 • 212.799.1400

132 S. RODEO DRIVE, FOURTH FLOOR
BEVERLY HILLS, CA 90212 • 424.203.1600

WWW.HMAFIRM.COM

January 24, 2018

**BY ECF**
Honorable Denise Cote
United States District Judge

      Re:    <u>Yoron Cohen v. Jones Lang LaSalle IP, Inc., et al., 17-cv-03471-DLC</u>

Dear Judge Cote:

      Plaintiff Yoron Cohen ("Mr. Cohen") submits this letter pursuant to the Court's Individual Practices on discovery disputes. The parties have met and conferred telephonically and in writing regarding the discovery responses of defendants Jones Lang LaSalle Americas, Inc. ("JLL"), Peter Riguardi ("Riguardi") and Stephen Schlegel ("Schlegel") (collectively, "Defendants"), but have reached an impasse on several issues. Mr. Cohen respectfully requests that the Court schedule an informal conference on the matters set forth below.

**1.**    **Documents Concerning Allegations of Age-Discrimination by Other JLL Employees (JLL RFP No. 79; Riguardi & Schlegel RFP No. 69)**

      It is well-settled that other instances of discrimination or harassment are relevant to and "an important factor" for claims of hostile work environment. *Perry v. Ethan Allen, Inc*., 115 F.3d 143, 149 (2d Cir. 1997). "One of the critical inquiries in a hostile environment claim must be the environment. … Evidence of the harassment of [employees] other than [plaintiff], if part of a pervasive or continuing pattern of conduct, was surely relevant to show the existence of a hostile environment … and could have been found probative of the company's notice of that environment…". *Id.,* at 151. "[A] plaintiff who herself experiences discriminatory harassment need not be the target of other instances of hostility in order for those incidents to support her claim." *Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 570 (2d Cir. 2000). Mr. Cohen proposed that JLL produce documents concerning allegations of age discrimination within JLL's New York office during his employment. However, Defendants have refused this proposal and refused to produce any responsive documents.

**2.**    **Documents Containing Certain Agreed-Upon Search Terms (JLL RFP No. 81; Riguardi and Schlegel RFP No. 70)**

      The parties have agreed that JLL will conduct an electronic search for the following terms: "old," "ancient," "out of touch," "grandpa," "grey hair," "dinosaur," "old-timer," "next generation," "new kids," "younger," "youthful," and "wrinkle." However, Defendants have limited the date range to January 1, 2016 to November 28, 2016; the custodians to Riguardi, Schlegel and Gavin Morgan; and the subject matter to Mr. Cohen and his partners. Defendants' limitations would omit evidence of a hostile work environment and culture of favoritism, based on age, directed towards other employees during Mr. Cohen's employment. As stated above, this evidence is relevant to Mr. Cohen's discrimination claims. Defendants should be required to

Honorable Denise Cote
January 24, 2018

search for the agreed-upon terms from May 1, 2010 to November 28, 2016 (Mr. Cohen's employment period), without limitation as to subject matter, for Riguardi, Schlegel, and Mr. Morgan, along with Jonathan Geanakos, James Koster and Thomas Morande (who were Mr. Cohen's superiors and identified by Defendants as having relevant knowledge).

3. **Documents Concerning *The Real Deal* Article at Issue (the "Article") and Communications with *The Real Deal* Regarding the Article, Mr. Cohen and His Team (JLL RFP Nos. 78, 84; Riguardi & Schlegel RFP Nos. 68, 71)**

Defendants have refused to produce documents outside of September 1, 2016 to January 18, 2017 and limited the custodians to Riguardi and Schlegel. ***First***, the custodians should not be so limited. The Article attributes the defamatory statements, which falsely claim that Mr. Cohen was "underperforming" and was given an "ultimatum" to "step it up, or leave," to "high-level sources at JLL" and "[o]ne top JLL source." Ex. 1 hereto, Article. The sources remain unidentified. Defendants deny that Schlegel communicated with *The Real Deal* and also deny that Riguardi made the statements. Mr. Cohen is entitled to ascertain the identity of the JLL sources and discovery of their communications with *The Real Deal*. Thus, Defendants should be required to produce documents from the following custodians: Riguardi, Schlegel and all JLL sources for the Article. ***Second***, the omission of documents from January 18, 2017 through the present (the Article was published on January 6, 2017) excludes potentially relevant documents. For example, post-publication communications between JLL and *The Real Deal* may bear upon the truth or falsity of the statements and punitive damages. *See e.g.*, *Herbert v. Lando*, 441 U.S. 153, 164 n. 12 (1979).

4. **Discovery Concerning the Transfer of Gavin Morgan to JLL's N.Y. Office (JLL Rog. No. 3 & RFP No. 11; Riguardi & Schlegel Rog. No. 2 & RFP No. 6)**

Defendants have refused to produce responsive documents or identify knowledgeable persons regarding this issue. As detailed in Mr. Cohen's Motion for Letters Rogatory (Dkt. No. 41, p. 2-3), as part of Defendants' discriminatory conduct, Defendants took management of Mr. Cohen's team away from him and his partners and gave it to Mr. Morgan, a much younger employee who was transferred from JLL's Hong Kong office. Mr. Morgan made statements to members of Mr. Cohen's team that reflected clear discriminatory intent by JLL, including that Mr. Cohen and his partners were "old," "tired" and "checked out," and that JLL was "looking to recruit younger talent." Amended Complaint, ¶ 14 (Dkt No. 32-1, p. 7). Thus, this discovery is relevant to Mr. Cohen's discrimination claims because it will show Defendants' motives and/or reasons for giving Mr. Cohen's management authority to a younger employee.

5. **Documents Concerning Mr. Cohen's (a) Age; (b) Performance; (c) Compensation; or (d) Resignation (JLL RFP Nos. 6-8, 13; Riguardi & Schlegel RFP Nos. 1-3, 8)**

Defendants have proposed a temporal scope of January 1, 2016 to February 1, 2017 in response to these requests. However, this is too narrow and should be extended to include the time period of Mr. Cohen's employment with JLL (May 1, 2010 to February 1, 2017). Any documents that address these four topics, regardless of their timeframe, are directly relevant to Mr. Cohen's claims, including the existence of a hostile work environment, Defendants' discrimination based on age and the falsity of statements in the Article.

Honorable Denise Cote
January 24, 2018

                                         Respectfully submitted,

                                         Ryan J. Stonerock Of
                            **HARDER MIRELL & ABRAMS LLP**

Cc:    Defense counsel (by ECF)