**Morgan Lewis**

Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY  10178-0060
Tel.  +1.212.309.6000
Fax: +1.212.309.6001
www.morganlewis.com

**Jason D. Burns**
+1.212.309.6342
jason.burns@morganlewis.com

January 26, 2018

**VIA ECF**
Hon. Denise L. Cote
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *Cohen v. Jones Lang LaSalle Americas, Inc.*, **No. 17-3471 (S.D.N.Y.)**

Dear Judge Cote:

      We represent Jones Lang LaSalle Americas, Inc. ("JLL" or the "Company"), Peter Riguardi, and Stephen Schlegel (together, "Defendants") in the above–referenced matter. We write in response to the January 24, 2018 letter filed by Plaintiff Yoron Cohen ("Plaintiff") concerning discovery. *See* Dkt. 48. Despite the narrow scope of this action, Plaintiff served Defendants with a total of **242** requests for production. Notwithstanding the overbreadth of Plaintiff's requests, Defendants have agreed to produce agreed-upon categories of responsive emails from 14 current and former JLL employees. Plaintiff's further attempt to increase Defendants' litigation burden and costs through overly broad and irrelevant discovery demands should denied.

      By way of brief background, in November 2016 Plaintiff *voluntarily resigned* from JLL to join Colliers International, a direct JLL competitor. At that time, Plaintiff and one of his partners rejected a retention package worth several million dollars to stay at JLL. On May 9, 2017, Plaintiff filed a Complaint in this Court alleging claims for slander and for age discrimination under federal and New York State and City law. Plaintiff's age discrimination claim is based on alleged petty slights and grievances (such as being moved to "less desirable office space") that do not amount to unlawful discrimination. Plaintiff has recently represented to the Court that *all* of the supposedly "hostile" conduct alleged in the Complaint occurred *after December 2015*. *See* Dkt. 41 at p. 3-4. Plaintiff's alleged claim for slander under New York law relates to comments, which are attributed to alleged unnamed sources, in an article that appeared in *The Real Deal* on January 6, 2017 (the "Article"). Those comments consist of non-actionable opinion that no reasonable person would consider defamatory. In any event, the substance of the Article *is true* and therefore Plaintiff cannot prevail in his slander claim.

Hon. Denise L. Cote
January 26, 2018
Page 2

The numbered paragraphs below correspond to the demands in Plaintiff's January 24 letter. Based on Plaintiff's own allegations, those demands are overly broad, unduly burdensome and not reasonably calculated to lead to discoverable evidence.

1. This request goes well beyond the statutes of limitations, and according to Plaintiff's own representations his alleged hostile work environment claim arose *after* Gavin Morgan joined JLL's New York office in December 2015. JLL has already represented to Plaintiff that it is not aware of any complaints of age discrimination by any JLL employee against Mr. Morgan, Mr. Riguardi or Mr. Schlegel.

2. Defendants should not be forced to search for and review emails—that Plaintiff *admits* do not concern him or his partners—going to back to May 1, 2010, from multiple additional custodians whom Plaintiff has *not* alleged had any involvement in any alleged discriminatory conduct. As noted, the only conduct that Plaintiff alleges in connection with his hostile work environment claim allegedly occurred after December 2015.

3. JLL is not aware of any employee, other than Mr. Riguardi (who is quoted in the Article wishing Plaintiff well), who spoke with *The Real Deal* in connection with the Article. Defendants can confirm that neither Mr. Riguardi nor Mr. Schlegel had any communications with any representative of *The Real Deal* after January 18, 2017, which is the date JLL received a demand letter from Plaintiff's attorneys. As Defendants have explained to Plaintiff, JLL can only conduct email searches by individual custodian, but not across its entire email server. Plaintiff should not be permitted to force JLL to incur the burden of searching every JLL email custodian in the hopes of uncovering some unknown "source."

4. Plaintiff's theory that JLL conspired to transfer Mr. Morgan from Hong Kong to New York as part of a discriminatory scheme against Plaintiff has no basis in fact and, tellingly, *is completely absent from the Complaint*. And while Plaintiff misleading suggests that Mr. Morgan was hired to replace Plaintiff and his partners, the news release cited in Plaintiff's Motion for Letters Rogatory makes clear that Mr. Morgan was hired to oversee *all* of JLL's Capital Markets business in New York, which is not the role Plaintiff held. Plaintiff's speculation and innuendo about Mr. Morgan is not a sufficient basis to expand discovery beyond the scope of the allegations in the Complaint.

5. As to age, Plaintiff's request to expand this request beyond the temporal scope of his allegations should be denied. As to performance, Defendants are willing to produce documents sufficient to show sales and/or revenues attributed to Plaintiff and his expected sales and revenue, for the period May 1, 2010 through December 31, 2017. As to compensation, Defendants have already produced documents sufficient to show Plaintiff's compensation from 2012 through 2016, and will produce similar documents for 2010 and 2011. Plaintiff's request for documents related to his resignation is inherently limited to the time period after the date of his voluntary resignation on November 28, 2016.

Hon. Denise L. Cote
January 26, 2018
Page 3

We thank Your Honor for the Court's attention to this matter.

                                                               Respectfully Submitted,

                                                               /s Jason D. Burns
                                                               Jason D. Burns

                                                               Morgan, Lewis & Bockius LLP
                                                               101 Park Avenue
                                                               New York, NY 10178
                                                               Tel: (212) 309-6000
                                                               Fax: (212) 309-6001
                                                               jason.burns@morganlewis.com

                                                               *Attorneys for Defendants*

cc:       Plaintiff's Counsel (*via ECF*)