# Ballard Spahr LLP

1909 K Street, NW
12th Floor
Washington, DC 20006-1157
TEL 202.661.2200
FAX 202.661.2299
www.ballardspahr.com

Jay Ward Brown
Tel: 202.508.1136
Fax: 202.661.2299
brownjay@ballardspahr.com

March 1, 2018

Hon. Denise L. Cote
500 Pearl Street, Room 1610
New York, NY 10007-1312

Re  *Cohen v. Jones Lang LaSalle Americas, Inc.*, No. 17 Civ. 3471 (S.D.N.Y.)

Dear Judge Cote:

We represent non-party Mark Maurer and write in response to Plaintiff's February 28 letter requesting that Mr. Maurer be compelled to testify at a deposition in this action. Because the testimony sought is protected from disclosure by the reporter's privilege, Plaintiff's motion should be denied and this Court should instead quash the subpoena.[1] Mr. Maurer requests that this Court enter a temporary stay of the deposition, noticed for March 7, 2018, pending determination of this motion.

A district court must quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies." *See* Fed. R. Civ. P. 45(d)(3)(A)(iii). Plaintiff's counsel has indicated that he wishes to depose Mr. Maurer about "among other things" the accuracy of quotations in the article, whether it is true that his sources were high-level employees, and his communications with Plaintiff and Mr. Riguardi. This questioning intrudes into privileged areas and, even if it did not, the defendants would likely seek to cross-examine Mr. Maurer more broadly.

The reporter's privilege stems from the "paramount public interest in the maintenance of a vigorous, aggressive and independent press capable of participating in robust, unfettered debate over controversial matters." *Baker v. F & F. Inv.*, 470 F.2d 778, 782 (2d Cir. 1972). Civil Rights Law §79-h (the "Shield Law") affords an absolute privilege against the disclosure of confidential news and sources, *id.* § 79-h(b), and a qualified privilege against the disclosure of unpublished news, such as information about the newsgathering process, *id.* § 79-h(c). The Second Circuit also recognizes a First Amendment-based form of the privilege. *See In re Petroleum Prods. Antitrust Litig.*, 680 F.2d 5, 7-8 (2d Cir. 1982) (per curiam); *Gonzales v. NBC*, 194 F.3d 29, 35-36 (2d Cir. 1999).

Under the Shield Law, any inquiry into the areas protected by the absolute privilege, such as the identities of sources, is completely barred. With respect to the information protected by the qualified privilege, such as information about the reporting process, a party must make a "clear and specific

---

[1] Contrary to Plaintiff's suggestion, Mr. Maurer did not back out of an arrangement to enter into a non-waiver agreement. Mr. Maurer agreed only to explore such an agreement and concluded that there are a number of persons, including defendants and non-parties to this action who might use the type of affidavit requested by Plaintiff as a basis to seek further testimony from Mr. Maurer. Plaintiff filed his letter after he was informed yesterday that Mr. Maurer intended to move to quash.

showing," that the testimony sought "(i) is highly material and relevant; (ii) is critical or necessary to the maintenance of a party's claim, defense or proof of an issue material thereto; and (iii) is not obtainable from any alternative source," Civ. Rights Law § 79-h(c).[2] Plaintiff has not articulated how the testimony is highly material and relevant to this case or critical or necessary.

Plaintiff also cannot demonstrate the unavailability of alternative sources. His complaint expressly alleges the identities of at least some of the unnamed sources. *See* Compl. ¶ 19. Plaintiff has not yet taken a single deposition in this case, and appears to have not even noticed a Rule 30(b)(6) deposition for Jones Lang LaSalle, *see* Dkt. No. 54. Courts have repeatedly held insufficient far more expansive efforts at exhaustion of alternative sources. *See, e.g., Persky v. Yeshiva Univ.*, 2002 WL 31769704, at *4 (S.D.N.Y. Dec. 10, 2002); *see also Petroleum Prods.*, 680 F.2d at 9 n.11 (taking of 60 to 65 depositions may be reasonable prerequisite). To the extent the upcoming deadline presents an obstacle, Mr. Maurer should not be punished for Plaintiff's failure to allow enough time.

Nor must Mr. Maurer appear for his deposition and object to problematic questions *seriatim*. In *Baker v. Goldman Sachs & Co.*, 669 F.3d 105 (2d Cir. 2012), the Second Circuit affirmed an order quashing a third-party subpoena to a reporter in full where the plaintiffs purportedly only sought testimony about whether his articles were "accurately reported," *id.* at 110. The Court found that "the question counsel proposes to ask cannot be divorced from unpublished material relating to the article," because the relevance of the reporter's opinion about the article's accuracy lay entirely within inferences to be drawn by the trier of fact with regard to, among other things "the ability, efficiency, and diligence" of the reporters and "their newsgathering methods." *Id.* Moreover, the court found that it must consider the scope of the inevitable cross-examination to follow and this cross-examination would inevitably enter "the area of the privilege." *Id.* at 110-11; *see also In re: Elec. Books Antitrust Litig.*, No. 11-md-2293 (DLC), Dkt. No. 198, at 2 (S.D.N.Y. July 20, 2012).

Finally, Mr. Maurer has not somehow waived the protection of the privilege by publishing his article. A limited disclosure is not "a launching pad for a massive, unlimited and unspecified foray into matters undisclosed but related to the disclosed information." *Brown & Williamson Tobacco Corp. v. Wigand*, 1996 WL 350827, at *6 (Sup. Ct. N.Y. Cnty. Feb. 28, 1996).[3]

---

[2] Under the First Amendment-based privilege, to obtain the production of confidential information a party must make a "clear and specific showing" that, among other things, information sought is "necessary or critical to the maintenance of the claim" and "not obtainable from other available sources," *see Petroleum Prods.*, 680 F.2d at 7. The production of nonconfidential information requires a demonstration, among other things, that the material involves "a significant issue in the case" and is "not reasonably obtainable from other available sources," *see Gonzales*, 194 F.3d at 36.

[3] The cases cited in Plaintiff's letter do not support his position. *People v. Wolf* concerned an attempt to obtain a copy of a published manuscript and was issued before the extension of the reporter's privilege to nonconfidential information. Unlike in *People v. Craver* and *People v. Nasser*, the parties here are not willing to limit Mr. Maurer's testimony to the four corners of the article, *see In re Eisinger*, 2011 WL 1458230, at *3-4 (S.D.N.Y. Apr. 12, 2011) (distinguishing cases on this ground), *aff'd*, 669 F.3d 105 (2d Cir. 2012). In *Guice-Mills v. Forbes*, the subpoenaed journalist had disclosed confidential information told to her by the defendant to the plaintiff. There is no such allegation here.

For these reasons, Mr. Maurer opposes the motion to compel, moves to quash the subpoena, and respectfully requests the entry of a temporary stay pending the resolution of these motions.

                                                   Respectfully submitted,

                                                   BALLARD SPAHR LLP

cc:       All counsel of record (via ECF)