


488 MADISON AVENUE, EIGHTEENTH FLOOR
NEW YORK, NY 10022 · 212.799.1400

132 S. RODEO DRIVE, FOURTH FLOOR
BEVERLY HILLS, CA 90212 · 424.203.1600

WWW.HARDERLLP.COM

February 28, 2018

*Denied, for the reasons stated in Mr. Brown's 3/1/18 letter.*

*Denise Cote*
*3/2/18*

**BY ECF**
Honorable Denise Cote
United States District Judge
Southern District of New York

**MEMO ENDORSED**

Re:   *Yoron Cohen v. Jones Lang LaSalle IP, Inc., et al.*, 17-cv-03471-DLC

Dear Judge Cote:

We write on behalf of plaintiff Yoron Cohen ("Plaintiff") to request an order compelling the deposition of third party Mark Mauer of *The Real Deal* pursuant to the duly served deposition subpoena to him (the "Subpoena"), or alternatively an informal discovery conference regarding same. (A true copy of the Subpoena is attached hereto as Exhibit A.) Mr. Mauer is the author of the article upon which Mr. Cohen's defamation claim is based (the "Article"). (A true copy of the Article is attached hereto as Exhibit B.) Plaintiff's and Mr. Mauer's attorneys have met and conferred extensively in writing and telephonically, but have reached an impasse.

Plaintiff served the Subpoena on January 31, 2018. Pursuant to an agreement with Mr. Mauer's counsel, the return date of the subpoena was extended to March 7, 2018. Mr. Mauer's counsel, however, claiming to assert the reporter's privilege under New York Civ. Rights Law § 79-h and the First Amendment, has refused to produce Mr. Mauer for deposition. The position is without merit. Plaintiff seeks to depose Mr. Mauer to, among other things, verify the three defamatory statements in the Article were in fact made by "high-level" sources at defendant Jones Lang LaSalle Americas, Inc. ("JLL") as stated in the Article. Defendants have denied the statements were made by anyone at JLL. Either JLL or Mr. Mauer is not telling the truth about the defamatory statements, and Plaintiff needs Mr. Mauer's testimony to determine the truth. Plaintiff also seeks to question Mr. Mauer about his communications with defendant Riguardi and Plaintiff, both of whom are quoted in the Article. Mr. Mauer is an important percipient witness in the case, and the privilege does not prevent him from appearing for deposition.

Plaintiff, in an effort to accommodate the witness, proposed that Mr. Mauer provide a declaration attesting that the defamatory statements were made to him by high level sources at JLL, as his Article states. Mr. Mauer's counsel indicated a willingness to enter into this arrangement, provided that all relevant parties enter into a non-waiver agreement as to the reporter's privilege, which Plaintiff agreed to. However, on February 28 (today), Mr. Mauer's counsel stated to Plaintiff for the first time that he would not agree to this arrangement after all, and that Mr. Mauer would not appear for deposition absent a Court order. This letter motion therefore became necessary. Moreover, as the Court is aware, the Court has re-confirmed that the fact discovery cutoff in this case is March 30, 2018. Thus, time is of the essence.

Honorable Denise Cote
February 28, 2018

Even if Mr. Mauer holds any valid reporter's privilege, it does not apply to information disclosed in the Article, including the defamatory statements made to him by high-level JLL sources, and his communications with Riguardi and Plaintiff. N.Y. Civ. Rights Law § 79-h(g) provides that the reporter's privilege is waived when the person asserting the privilege "voluntarily discloses or consents to disclosure of the specific information sought to be disclosed to any person not otherwise entitled to claim the exemptions provided by this section." *See also*, *People v. Wolf*, 39 A.D.2d 864 (N.Y. App. Div. 1972) (previously published information and identity of source not protected by privilege because it "cannot be used as a shield to protect that which has already been exposed to view."); *People v. Craver*, 150 Misc. 2d 631 (N.Y. Co. Ct. 1990) (waiver of privilege as to statements and identities of published sources); *People v. Nasser*, 15 Misc. 3d 499, 500 (N.Y. Sup. Ct. 2007) (waiver of privilege as to contents of published statements); *Guice-Mills v. Forbes*, 12 Misc. 3d 852 (N.Y. Sup. Ct. 2006) (same).

Plaintiff seeks testimony to, among other things, verify statements attributed to JLL in the Article, but which are being denied by JLL. Specifically, Plaintiff seeks verification that the following statements were made by high-level JLL employees as reported in the Article:

a. "[H]igh level sources at JLL say the brokers were underperforming."
b. "[A]t a meeting in January 2016, Baxter, Latham, Cohen and their colleague Jon Caplan were informed by managements that they were not doing enough to justify their lofty perches at JLL."
c. "The brokerage's investment sales division was well behind the sharks at Eastdil Secured and CBRE and, according to this source, the quartet was given an ultimatum in September: step it up, or leave in December upon expiration of their contracts."

Likewise, the privilege does not apply to Mr. Mauer's communications with Riguardi and Plaintiff because they are quoted in the Article.

In addition, Plaintiff's need for this testimony satisfies the showing necessary to overcome the privilege. Under New York law, a litigant can overcome the privilege if it can show the information "(i) is highly material and relevant; (ii) is critical or necessary to the maintenance of a party's claim, defense or proof of an issue material thereto; and (iii) is not obtainable from any alternative source." Civ. Rights Law § 79-h(c). Under Federal law, a litigant need only show that the information is (i) "of likely relevance to a significant issue in the case"; and (ii) "not reasonably obtainable from other available sources."

Plaintiff easily satisfies both of these standards. It is beyond dispute that the testimony sought from Mr. Mauer is highly relevant and important to Plaintiff's defamation claim. The testimony is also not available from another source because JLL claims that no other employee spoke to *The Real Deal* aside from defendant Riguardi, and he has denied making the defamatory statements. [DKT No. 50, p. 2; Exhibit C hereto, Riguardi Responses to Plaintiff's RFAs].

For these reasons, Plaintiff respectfully requests that the Court order Mr. Mauer to appear for deposition on **March 7, 2018** (the current subpoena return date) at 10:00 a.m. at Plaintiff's counsel's New York office, and provide testimony in accordance with the above, or alternatively for an informal discovery conference regarding same.

Honorable Denise Cote
February 28, 2018

Respectfully yours,

*[signature]*

Ryan J. Stonerock Of
**HARDER LLP**

**Cc:**   Defense counsel (by ECF)
Counsel for Mark Mauer (by Email)